UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CAROLYN LEROY,

    Plaintiff,

v.

MORINDA USA, INC., *et al.*,

    Defendants.

_____/

Case No. 16-11427

Paul D. Borman
United States District Judge

R. Steven Whalen
United States Magistrate Judge

## OPINION AND ORDER DENYING PLAINTIFF'S MOTION *IN LIMINE*

Plaintiff Carolyn Leroy brings this negligence and vicarious liability action against Defendants Morinda USA, Inc. ("**Morinda**") and Todd Bagley. She alleges that she suffered severe injuries at a convention sponsored by Defendant Morinda when Defendant Bagley (allegedly Defendant Morinda's employee) pulled a chair out from under her as she was sitting down, causing her to fall to the ground.

Before the Court is Plaintiff's Motion *in Limine*. Through it, Plaintiff seeks an order excluding any documentary or testimonial evidence regarding her Social Security Disability ("**SSD**") benefits and the disabilities for which she receives them. For the reasons stated below, Plaintiff's Motion *in Limine* will be denied.

### I.     BACKGROUND

**A.**    **Factual Allegations**

Plaintiff is a Michigan resident. (ECF No. 1, Compl. ¶ 1.) Defendant Morinda

is a foreign corporation with its principal place of business in Utah. (Compl. ¶ 2.) Defendant Bagley is a resident of Utah, and was employed by Defendant Morinda at the time of the events in this action. (Compl. ¶¶ 3-4.)

On July 20, 2013, Plaintiff attended a Health Awareness Seminar sponsored by Defendant Morinda at the Hilton Garden Inn in Southfield, Michigan. (Compl. ¶ 9.) Plaintiff alleges that as she was attempting to sit down at a table, Defendant Bagley negligently pulled a chair out from under her, causing her to fall to the ground. (*Id.*) Plaintiff further alleges that as a result of the fall, she suffered injuries to her hip, back, and neck, some or all of which required surgery. (*Id.*)

**B.     Procedural History**

Plaintiff filed this action on April 20, 2016. (ECF No. 1, Compl.) Her Complaint asserts two causes of action: negligence against both Defendants (Count I), and vicarious liability against Defendant Morinda only (Count II). (Compl. ¶¶ 8-21.) This Court's jurisdiction over Plaintiff's claims—both of which arise under state law—is premised on complete diversity of the parties, which Plaintiff has sufficiently alleged and which Defendants have not disputed. (Compl. ¶¶ 1-3; ECF No. 7, Answer at 2.) As part of her negligence claim, Plaintiff asserts that "should it be determined that Plaintiff suffered from any pre-existing relevant diseases or conditions, then such diseases or conditions were accelerated and/or exacerbated by the incident complained of in this action." (Compl. ¶ 13.)

No dispositive motions have been filed in this case. After discovery closed and a jury trial was scheduled for October 2017, Plaintiff filed the instant Motion *in Limine* on June 26, 2017. (ECF No. 18, Pl.'s Mot.) Defendants filed a belated Response on August 17, 2017. (ECF No. 20, Defs.' Resp.) Plaintiff did not file a reply. Because neither party's brief contained citation to case law, the Court ordered supplemental briefing at the August 23, 2017 hearing on the instant Motion. The parties complied. (ECF No. 23, Pl.'s Supp. Br.; ECF No. 24, Defs.' Supp. Br.) The Court now denies Plaintiff's Motion for the reasons below.

## II.    LEGAL STANDARDS

Federal procedural and evidentiary rules, as well as the cases interpreting them, "all encourage, and in some cases require, parties and the court to utilize extensive pretrial procedures – including motions *in limine* – in order to narrow the issues remaining for trial and to minimize disruptions at trial." *United States v. Brawner*, 173 F.3d 966, 970 (6th Cir. 1999); *see also Louzon v. Ford Motor Co.*, 718 F.3d 556, 560 (6th Cir. 2013) ("A motion in limine is any motion, whether made before or during trial, to exclude anticipated prejudicial evidence before the evidence is actually offered.") (internal quotation marks omitted).

"Motions *in limine* typically involve matters which ought to be excluded from the jury's consideration due to some possibility of prejudice or as a result of previous rulings by the Court." *Provident Life & Acc. Ins. Co. v. Adie*, 176 F.R.D. 246, 250

(E.D. Mich. 1997). District courts have broad discretion over matters involving the admissibility of evidence at trial. *See United States v. Seago*, 930 F.2d 482, 494 (6th Cir. 1991). "[*I*]*n limine* rulings are not binding on the trial judge, and the judge may always change his mind during the course of a trial." *Ohler v. United States*, 529 U.S. 753, 758 n.3 (2000) (citing *Luce v. United States*, 469 U.S. 38, 41-42 (1984)).

### III. ANALYSIS

Through her Motion *in Limine*, Plaintiff seeks to exclude "any questioning, testimony, or other evidence, whether documentary or testimonial, including the portion of her deposition testimony, regarding Plaintiff's Social Security Disability (SSD) benefits and the disabling condition for which is the basis of the award of SSD benefits." (Pl.'s Mot. at 2, Pg ID 73.) She argues any evidence within this category would be irrelevant under Federal Rules of Evidence 401 and 402, and alternatively that it would be substantially more prejudicial than probative under Federal Rule of Evidence 403. Neither argument has merit.

#### A. Relevance under Federal Rules of Evidence 401 and 402

"Irrelevant evidence is not admissible." Fed. R. Evid. 402. "The standard for relevancy is 'extremely liberal' under the Federal Rules of Evidence." *Dortch v. Fowler*, 588 F.3d 396, 400 (6th Cir. 2009) (quoting *United States v. Whittington*, 455 F.3d 736, 738 (6th Cir. 2006)). Relevant evidence is evidence that "has any tendency to make a fact more or less probable than it would be without the evidence"

4

and "is of consequence in determining the action." Fed. R. Evid. 401.

Although there is not abundant case law on the issue, the Sixth Circuit as well as district courts within it have found that a plaintiff's medical history evidence can be relevant in personal-injury actions—most commonly to the issues of causation and damages. *See, e.g., Jackson v. Hoylman*, 12 F.3d 212, at *5-*6 (6th Cir. 1993) (unpublished) (in an excessive-force action, upholding the district court's admission of evidence of the plaintiff's thirty-year-old gunshot injury and other medical history because his prior injuries "could have affected his physical and emotional condition" and were thus "highly relevant to the issue of damages"); *Crankshaw v. CSX Transportation, Inc.*, No. 1:11-CV-377, 2014 WL 12576291, at *4 (E.D. Tenn. Mar. 11, 2014) ("[E]vidence of past injury is relevant and admissible if it tends to show [that the defendant] is not responsible for [the plaintiff]'s current injury."); *Wilson v. Greyhound Lines, Inc.*, No. 13-CV-3013, 2016 WL 8314608, at *4 (W.D. Tenn. Jan. 19, 2016) (deeming the plaintiff's medical history "admissible for the purpose of refuting Plaintiff's damages for mental anguish and loss of enjoyment of life"). At the same time, specific categories of medical history evidence may be excluded if they are obviously irrelevant to the injuries alleged and the proponent offers no proof to the contrary. *See Dziuba v. Smith*, No. 16-CV-10869, 2017 WL 3084375, at *2 (E.D. Mich. July 20, 2017) (declining to exclude "most of plaintiff's prior medical history [because it is] relevant to the injuries he alleges . . . and to any calculation of

damages arising from those injuries" but excluding evidence regarding conditions unrelated to the alleged injuries "unless defendant offers some proof that [they] are related").

Plaintiff's initial brief in support of her Motion *in Limine* only relied on Fed. R. Evid. 403 as grounds for excluding the challenged category of evidence, and Plaintiff's counsel stated on the record at the August 23, 2017 hearing that it would likely be relevant at least to the question of damages. Apparently heedless of this, Plaintiff now argues in her supplemental brief—again without citation to case law— that such evidence "is not relevant to this case" and therefore inadmissible under Fed. R. Evid. 401 and Fed. R. Evid. 402. (Pl.'s Supp. Br. at 3, Pg ID 90.)

The argument is not only meritless; it also beggars credibility. The Complaint alleges injuries to Plaintiff's hips, back, and neck. (Compl. ¶¶ 9, 14.) In her supplemental brief, Plaintiff then cites deposition testimony[1] in which she testified that she has disabilities affecting her hips, back, knees, and hands, and also that she

---

[1] The transcript of the deposition that Plaintiff cites has not been submitted to this Court in any form. The Civil Case Management and Scheduling Order in this case, entered by the Court on July 29, 2016, states that "[w]hen citing to deposition testimony in a brief, [the party must] reference the relevant page and line numbers and include as an exhibit the entire deposition transcript with the relevant passages highlighted. Any facts stated must be supported with citations to either pleadings, interrogatories, admissions, depositions, affidavits, or documentary exhibits." (ECF No. 10 at 3, Pg ID 32.) Future failures to comply with the requirements of the Civil Case Management and Scheduling Order may result in the offending submission being stricken or otherwise disregarded.

has had a hysterectomy, gallbladder surgery, and breast reduction surgery. (Pl.'s Supp. Br. at 2-3, Pg ID 90-91.) One paragraph later, she argues that her "disabling conditions relate to her hands, knees, gallbladder, hysterectomy, and breast reduction" and therefore "have no bearing on Defendant's duty, breach of that duty, causation, or damages . . . ." (Pl.'s Supp. Br. at 3.)

Plaintiff presumably omits any reference to her testimony regarding her hip and back disabilities from the second paragraph because evidence of pre-existing conditions in the same parts of Plaintiff's body that are alleged to have been injured by Defendants could easily be relevant to causation, damages, or both. It could make causation "more or less probable" under Fed. R. Evid. 401 by supplying or removing a possible alternate or contributing cause of the injuries, and it could render claimed damages "more or less probable" by showing that they were somehow affected by pre-existing conditions. *See, e.g., Boucher v. CVS/Pharmacy, Inc.*, 822 F. Supp. 2d 98 (D.N.H. 2011) (holding that a plaintiff's medical history evidence was "plainly probative in evaluating whether [she suffered the alleged injuries] due to defendants' negligence or due to a preexisting condition, and [that it] may also be relevant to show that those injuries were preexisting"); *Jones v. City of Warren*, No. 11-15330, 2015 WL 3937608, at *3 (E.D. Mich. June 26, 2015) (holding that "evidence relating to [Plaintiff's] November, 2009, right knee injury and any resultant claim of disability related to the condition of Plaintiff's right knee that preceded the injury to

his left knee claimed here, could be relevant to the issue of Plaintiff's claimed damages and thus may be admissible in the damages phase of the trial"); *Swords v. Transp. Sols. of Am., LLC*, No. 2:14-CV-1396, 2016 WL 98592, at *3 (S.D. Ohio Jan. 8, 2016) ("The Court finds that [the challenged past injury evidence] is relevant under Rule 401 because it could tend to show that Plaintiffs' injuries were caused by events prior to the automobile accident. Further, its admission, while possibly detrimental to Plaintiffs' case, would not *unfairly* prejudice them.").

Even without considering the deposition testimony quoted in Plaintiff's supplemental brief, the evidentiary category that Plaintiff seeks to exclude is far too broad to merit a finding by this Court that all evidence within that category is *per se* inadmissible under Fed. R. Evid. 401 and Fed. R. Evid. 402. The Court rejects Plaintiff's relevance argument.

**B.    Probative Value and Prejudice under Federal Rule of Evidence 403**

Evidence that is relevant may still be inadmissible "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. The Sixth Circuit "has interpreted 'unfair prejudice' to mean 'the undue tendency to suggest a decision based on improper considerations; it does not mean the damage to a defendant's case that results from legitimate probative force of the evidence.'" *Sutkiewicz v. Monroe*

*Cty. Sheriff*, 110 F.3d 352, 360 (6th Cir. 1997) (quoting *Doe v. Claiborne County*, 103 F.3d 495, 515 (6th Cir. 1996)). Plaintiff argues that the challenged category of evidence does not pass muster under the balancing test of Fed. R. Evid. 403, and her argument focuses on the related risks of "confusing the issues" and "misleading the jury" that the text of Rule 403 contemplates.

Plaintiff first argues that admission of evidence regarding her SSD benefits and disabling conditions might "suggest Plaintiff[']s injuries relate to her disabling condition rather than Defendants' actions or whether Plaintiff sustained new injuries or an exacerbation of injuries." (Pl.'s Supp. Br. at 4, Pg ID 91.) It is not difficult to see why this might be bad for Plaintiff's case, but Plaintiff does not explain why it would be prejudicial. Adverse evidence is not the same thing as prejudicial evidence. *See Sutkiewicz*, 110 F.3d at 360; *see also Koloda v. Gen. Motors Parts Div., Gen. Motors Corp.*, 716 F.2d 373, 378 (6th Cir. 1983) ("[U]nfair prejudice" as used in Rule 403 is not to be equated with testimony simply adverse to the opposing party. Virtually all evidence is prejudicial or it isn't material. The prejudice must be 'unfair.'"). The issue-confusion risk that Plaintiff identifies might threaten unfair prejudice if the issue of whether "Plaintiff[']s injuries relate to her disabling condition" were wholly irrelevant to the issues that will decide the case, but Plaintiff has not shown or even argued that they are. It is also difficult to conceive of how Plaintiff could argue that Defendants' actions exacerbated her pre-existing

9

conditions—one of the issues Plaintiff states she wishes to protect from confusion—if any reference to or evidence about those conditions is ruled inadmissible before trial.

Plaintiff also argues that admission of evidence about her SSD benefits and related disabling conditions would mislead a jury because it would be vague, because it would bring unrelated medical conditions into the analysis, or both. It is certainly possible that evidence within the challenged category could run afoul of Fed. R. Evid. 403 in this way, but the possibility does not justify the broad exclusion of all evidence within that category. "Orders in limine which exclude broad categories of evidence should rarely be employed." *Goldman v. Healthcare Mgmt. Sys., Inc.*, 559 F. Supp. 2d 853, 871 (W.D. Mich. 2008) (quoting *Sperberg v. Goodyear Tire & Rubber Co.*, 519 F.2d 708, 712 (6th Cir. 1975)). This is partly because there are other, less drastic protections against the prejudice risks that Plaintiff has identified here. The United States Supreme Court explained in a similar context that "[v]igorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 596 (1993).

Plaintiff has not demonstrated to this Court's satisfaction that these, or any other safeguards such as trial-stage objections to individual items of evidence, would

not be sufficient to protect against any risk of prejudice that would attend the admission of evidence regarding her SSD benefits or related disabling conditions. Accordingly, the Court rejects her Rule 403 argument as well.

## IV. CONCLUSION

For the reasons articulated above, the Court hereby DENIES Plaintiff's Motion *in Limine*.

IT IS SO ORDERED.

                                                    s/Paul D. Borman
                                                    Paul D. Borman
                                                    United States District Judge

Dated: October 6, 2017

### CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on October 6, 2017.

                                                    s/Teresa McGovern
                                                    Case Manager Generalist